# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: | * |
| | * |
| **TARIK K. HASSAN,** | *  **Case No. 18-13743-BFK** |
| *dba Rush My Stuff LLC* | *  Chapter 7 |
| *dba Red Zone Grill LLC* | * |
| *dba Al Services INC* | * |
| *dba Marios Pizza House INC* | * |
| *dba Jake & Toney Enterprises LLC* | * |
| | * |
| Debtor. | * |
| | * |

### TRUSTEE'S OBJECTIONS TO EXEMPTIONS

Donald F. King, the chapter 7 trustee in the above captioned case ("**Trustee**"), by counsel, files these objections to exemptions claimed by Tarik K. Hassan (the "**Debtor**") and, in support thereof, states as follows:

1. The Debtor filed a voluntary petition under chapter 7 on November 5, 2018.

2. The Trustee is the duly qualified and acting chapter 7 trustee for this estate.

3. The meeting of creditors under 11 U.S.C. § 341 was concluded on December 13, 2018.

4. The Debtor filed a Schedule C with his petition, which claimed an exemption in a personal injury claim verses Zhengua Long in the amount of $150,000.00 pursuant to Va. Code Ann. § 34.28-1. Dkt. No. 24 at 9. The Debtor also values this claim at approximately $150,000. *Id.*

---

**BRADLEY D. JONES (VSB No. 85095)**
**Counsel for Trustee**
**ODIN, FELDMAN & PITTLEMAN, P.C.**
**1775 Wiehle Avenue, Suite 400**
**Reston, Virginia 20190**
**Phone: 703-218-2176**
**Fax:     703-218-2160**
**Brad.Jones@ofplaw.com**

5.  The claim is also listed on the Debtor's Schedule B in the amount of $150,000. No further information is provided regarding the claim or the nature of the damages sought. Dkt. No. 1 at 7.

6.  The Trustee has asked Debtor's counsel to provide more information about the claim and the nature of the damages sought but this information has not yet been provided.

7.  The Debtor's Statement of Financial Affairs does not disclose the Debtor as a party in any pending litigation regarding this claim within the last year. Dkt. No. 24 at 16. So it appears that this claim is unliquidated.

8.  Because the matter has not yet been settled or liquidated, it is unclear what the components of any award will be.

9.  The Virginia Statute cited by the Debtors provides an exemption for "all causes of action for personal injury or wrongful death and the proceeds derived from court award or settlement." Va. Code § 34.28-1.

10. This Court has recognized that, pursuant to Va. Code Ann. § 34-28.1, a debtor may exempt the award for certain claims if the award is to compensate for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." *In re Webb*, 210 B.R. 266, 273 (Bankr. E.D. Va. 1997), *aff'd*, 214 B.R. 553 (E.D. Va. 1997). But this Court also recognized that "to the extent that a court judgment or settlement simply compensates the victim" for economic damages, such as lost wages, "the funds received by the debtor would presumably not be exempt." *Id.* at 274.

11. This reasoning is consistent with other bankruptcy courts that have considered personal injury claims and exemptions. In *In re Hurst*, 239 B.R. 89 (Bankr. D. Md. 1999), the Bankruptcy Court interpreted a similar exemption statute to find that a debtor could not exempt any portion of a personal injury settlement or award that was for pre-petition lost wages because the purpose of the exemption statute was to "make whole, in the eyes of the law,

a person who has been injured." *Id.* at 91. The exemption is not designed to protect assets via an exemption that the debtor "would not have been entitled had she not been injured." *Id.* at 91-92. As a result, awards for lost pre-petition wages or other economic damages, since they would have been subject to creditors, cannot be exempted under the statute.

12. Thus, while it is unclear what the components of any award would be, the Debtor is not entitled to exempt any portion of the award that is compensation for pecuniary injuries.

13. Accordingly, the Trustee objects to the Debtors' claim of exemption under Va. Code Ann. § 34-28.1 to the extent the Debtor seeks to exempt an award for pre-petition lost wages, future lost wages, economic damages, medical costs, or other property claims against Zhengua Long; rather than personal injury claims.

WHEREFORE, Donald F. King, Trustee, by counsel, requests that this Court disallow the exemption claimed by the Debtor pursuant to Va. Code Ann. § 34-28.1 to the extent it seeks to protect assets awarded beyond personal injury claims.

**Respectfully Submitted,**

**DONALD F. KING, TRUSTEE**
**By Counsel**

By: ***/s/ Bradley D. Jones***
**Bradley D. Jones (VSB No. 85095)**
**Counsel for Trustee**
**ODIN, FELDMAN & PITTLEMAN, P.C.**
**1775 Wiehle Avenue, Suite 400**
**Reston, Virginia 20190**
**Phone: 703-218-2176**
**Fax:    703-218-2160**
**Brad.Jones@ofplaw.com**

#4153579v1   31070/00001