**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| **TARIK K. HASSAN,** | * | **Case No. 18-13743-BFK** |
| *dba Rush My Stuff LLC* | * | Chapter 7 |
| *dba Red Zone Grill LLC* | * | |
| *dba Al Services INC* | * | |
| *dba Marios Pizza House INC* | * | |
| *dba Jake & Toney Enterprises LLC* | * | |
| | * | |
| Debtor. | * | |
| | * | |

### TRUSTEE'S OBJECTIONS TO EXEMPTIONS

Donald F. King, the chapter 7 trustee in the above captioned case ("**Trustee**"), by counsel, files these objections to the amended exemptions claimed by Tarik K. Hassan (the "**Debtor**") and, in support thereof, states as follows:

1. The Debtor filed a voluntary petition under chapter 7 on November 5, 2018.

2. The Trustee is the duly qualified and acting chapter 7 trustee for this estate.

3. The meeting of creditors under 11 U.S.C. § 341 was concluded on December 13, 2018.

4. The Debtor filed a Schedule C with his petition, which claimed an exemption in a personal injury claim verses Zhengua Long in the amount of $150,000.00 pursuant to Va. Code Ann. § 34.28-1. Dkt. No. 24 at 9. The Debtor also values this claim at approximately $150,000. *Id.* The Trustee filed an objection to that exemption to the extent the Debtor seeks to protect assets beyond personal injury claims.

---

**BRADLEY D. JONES (VSB No. 85095)**
**Counsel for Trustee**
**ODIN, FELDMAN & PITTLEMAN, P.C.**
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Phone: 703-218-2176
Fax:    703-218-2160
Brad.Jones@ofplaw.com

5. The Trustee has asked Debtor's counsel to provide more information about the claim and the nature of the damages sought but this information has not yet been provided.

6. The claim is currently unliquidated.

7. Because the matter has not yet been settled or liquidated, it is unclear what the components of any award will be.

8. On January 24, 2019, the Debtor amended his Schedule C to claim an additional exemption in the personal injury claim. The amended Schedule C added an exemption of 75% of the value of the personal injury claim pursuant to Va. Code Ann. § 34-29.

9. The objections to exemptions asserted by the Trustee should be sustained for the reasons stated in the Trustee's original objection. The additional 34-29 exemption should be disallowed as well.

10. The Virginia Statute cited by the Debtors provides an exemption for up to 75% of a Debtor's "earnings." The term "earnings" is defined to mean "compensation paid or payable for personal services." Va. Code. Ann. § 34-29(d)(1).

11. This exemption is inapplicable here for two reasons: (1) based on the information currently provided to the Trustee, it does not appear that any of the amounts sought in the personal injury claim are for lost wages or lost earnings; and (2) even if an award for lost wages were sought, such an award would not be exempt.

12. Virginia Code § 34-29(d)(1) exempts amounts paid or payable for services the Debtor provided or will provide. It does not provide an exemption for amounts paid to the Debtor as compensation for not being able to work.

13. The Court considered this issue in *In re Sheeran*, 369 B.R. 910 (Bankr. E.D. Va. 2007). In that case, the Court considered the definition of "personal services" under Virginia Code 34-29 and determined that awards for "monies paid to people for not working" are not payments for personal services performed. This Court has held similarly in other cases. *See In*

*re Guessous*, Case No. 16-13980, Dkt. Nos. 20, 23 (Bankr. E.D. Va. Mar. 7, 2017) (sustaining chapter 7 trustee's objection to Debtor's claim of a 34-29 exemption in the lost wage portion of an employment discrimination settlement).

WHEREFORE, Donald F. King, Trustee, by counsel, requests that this Court: (i) disallow the exemption claimed by the Debtor pursuant to Va. Code Ann. § 34-28.1 to the extent it seeks to protect assets awarded beyond personal injury claims; and (ii) disallow the exemption claimed by the Debtor pursuant to Va. Code Ann. § 34-29 in the personal injury claim.

**Respectfully Submitted,**

**DONALD F. KING, TRUSTEE**
**By Counsel**

By:    */s/ Bradley D. Jones*
**Bradley D. Jones (VSB No. 85095)**
**Counsel for Trustee**
**ODIN, FELDMAN & PITTLEMAN, P.C.**
**1775 Wiehle Avenue, Suite 400**
**Reston, Virginia 20190**
**Phone:  703-218-2176**
**Fax:    703-218-2160**
**Brad.Jones@ofplaw.com**

#4201888v1   31070/00001